**Sheppard**

April 13, 2026

+1.212.653.8184
lstone@sheppard.com

<u>VIA ECF</u>

<span style="border: 2px solid black; padding: 4px;">**MEMO ENDORSED**</span>

Hon. Katherine Polk Failla
U.S. District Judge
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Christine O'Reilly v. ICAP Corporates LLC, et al.*, No. 24-cv-05913

Dear Judge Failla:

We represent TP ICAP Global Markets Americas LLC (f/k/a ICAP Corporates LLC) and TP ICAP Group Services Limited (the "TP ICAP Parties") in the above-referenced matter.  In accordance with Section 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, we respectfully submit this letter jointly with defendant Janie McCathie ("Ms. McCathie," and together with the TP ICAP Parties, "Defendants") to request a pre-motion conference in connection with Defendants' anticipated motion for leave to depose Plaintiff Christine O'Reilly ("Plaintiff") for a total of ten hours.

Plaintiff commenced this action on August 4, 2024, and filed her First Amended Complaint ("FAC") on October 22, 2024.  The FAC, which consists of allegations spanning a six-year period and contains a staggering 294 paragraphs, sets forth seven causes of action against the TP ICAP Parties and five causes of action against Ms. McCathie.  Some of the allegations supporting the foregoing causes of action are predicated upon similar conduct ascribed to all Defendants. However, Plaintiff also alleges that Defendants engaged in discrete conduct giving rise to separate claims and defenses for each of them.  Plaintiff has issued separate discovery requests to all three Defendants, and the parties have exchanged several thousand documents with one another in discovery to date.

Both the TP ICAP Defendants and Ms. McCathie have separately noticed Plaintiff's deposition to address the claims and defenses that are unique to them.  Given the number of allegations, claims, defendants and documents at issue in this case, Defendants reasonably sought Plaintiff's consent to be deposed for a total of ten hours, rather than the seven hours permitted under FRCP 30(d)(1).  Defendants proposed that the time be divided amongst them in a manner agreed to by their counsel, and suggested that Plaintiff's deposition occur over a two-day period, with no single day exceeding seven hours on the record.  Plaintiff would not consent to be deposed for more than seven hours.  This letter follows.

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of seven hours." Fed. R. Civ. P. 30(d)(1).  However, district courts "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent," and enjoy "broad discretion to set the length of depositions appropriate to the circumstances of the case." *Id.*; *Arista Records LLC v. Lime Grp. LLC,* No. 06 Civ. 5936, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16,

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
T: +1.212.653.8700 | F: +1.212.653.8701

sheppard.com

Hon. Katherine Polk Failla
April 13, 2026
Page 2

2008).  "A party seeking to extend the time for examination . . . is expected to show good cause to justify such an order." *Robinson v. DeNiro*, No. 19-CV-9156, 2022 WL 274677, at \*2 (S.D.N.Y. Jan. 26, 2022).  Whether good cause exists is a "fact-specific determination," and turns on  factors including the number of parties, claims, and documents, and whether the witness is a "central figure." *Pierre v. N.Y.C.*, No. 1:20-cv-05116, 2022 WL 2384150, at \*1 (S.D.N.Y. July 1, 2022); *Black Love Resists in the Rust v. City of Buffalo*, No. 1:18-cv-00719, 2023 WL 11984925, at \*1 (W.D.N.Y. June 29, 2023).

Here, good cause exists to extend the length of Plaintiff's deposition by three hours.  As set forth above, the FAC is lengthy and complex, setting forth six years of extensive allegations against three parties over 294 paragraphs.  Those allegations set forth distinct claims against, and implicate distinct defenses for, all three Defendants – a fact that Plaintiff recognized by issuing separate discovery requests to each of them.  Those requests have yielded thousands of documents produced in discovery by Plaintiff, all three Defendants, and numerous third parties. The number of defendants and complexity of this case alone renders a brief extension of Plaintiff's deposition time appropriate. *Black Love*, 2023 WL 11984925, at \*2 (extending deposition time to ten hours where "[t]he case is complex and includes a significant timeline [and] multiple events"); *Pierre*, 2022 WL 2384150, at \*3 (granting eleven hours where the case involved multiple defendants, implicating discrete claims and defenses for each); *Carmody v. Vill. of Rockville Ctr.*, No. CV-05-4907, 2007 WL 2177064, at \*2 (E.D.N.Y. July 27, 2007) ("Where, as here, the action involves multiple parties, the need for each party to examine the witness may warrant additional time, although duplicative questioning is discouraged.").  Moreover, there can be no doubt that Plaintiff is the "central figure" in this litigation, further warranting additional time for her deposition. *Black Love*, 2023 WL 11984925, at \*2 (granting ten hours of deposition time where witness played a "central role" in the case); *Greater N.Y. Taxi Ass'n v. N.Y.C.*, No. 13 Civ. 3089, 2017 WL 4012051, at \*8 (S.D.N.Y. Sept. 11, 2017) (extending deposition time for a "central figure" in the case); *Arista Records*, 2008 WL 1752254, at \*2 (same, noting that FRCP 30(d)(1)'s seven hour limit is meant for "the general run of simpler litigation, [not] a witness of this significance in a case of this magnitude.").

For the reasons set forth above, Defendants respectfully request a pre-motion conference regarding their request for an order compelling Plaintiff to testify for ten hours in the manner set forth above.  We thank Your Honor for your time and attention to this matter.

Respectfully submitted,

*/s/ Lindsay Colvin Stone*

Lindsay Colvin Stone
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
*Counsel for the TP ICAP Defendants*

Respectfully submitted,

*/s/ Michael E. DeLarco*

Michael E. DeLarco
for HOGAN LOVELLS US LLP
*Counsel for Janie McCathie*

The Court has received Defendants' above-request and Plaintiff's opposition (Dkt. #131).

The Court agrees with Defendants that good cause exists to extend the length of Plaintiff's deposition by three hours, including the complexity of the claims, the number of parties involved, and Plaintiff's central role in this litigation.  Plaintiff is hereby ORDERED to testify for ten hours in the manner set forth in Defendants' request.

The Clerk of Court is directed to terminate the pending motion at docket entry 130.

Dated:     April 20, 2026          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE